MARY A. MacDONALD, AN INFANT, BY HUGH MacDONALD, HER NEXT FRIEND, PLAINTIFF-APPELLEE; HUGH MacDONALD AND HELEN W. MacDONALD, PLAINTIFFS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT; JOHN J. SMITH, DEFENDANT.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the plaintiff-appellee, *Francis A. Gordon.*

For the defendant-appellant, *Henry H. Fryling* (*Harold F. Dorgeval,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Union County Court of Common Pleas. The suit was brought to recover damages arising from an automobile accident. Mary A. Mac-Donald was injured while standing on the sidewalk at the intersection of two streets, as a result of a collision between a bus owned by Public Service Co-ordinated Transport and an automobile owned and driven by John J. Smith. She was between seventeen years and eighteen years of age at the time of the occurrence. The first count of the complaint was on behalf of Mary A. MacDonald, an infant, by Hugh MacDonald, her next friend, for her injuries. The second count was on behalf of Hugh MacDonald, the father of Mary A. MacDonald, for expenses incurred by him as a result of the injuries received by his said daughter. The third count was

in behalf of Hugh MacDonald and Helen W. MacDonald, his wife, for the loss of services of their daughter by reason of the injuries received by her.

The testimony showed that Mary A. MacDonald was a student nurse and that for that reason neither the several doctors who attended her nor the hospital at which she received medical attention made any charge therefor. There was no testimony that her father expended any money or incurred any indebtedness as a result of her injuries. Her salary was paid her during the time her injuries incapacitated her from the performance of her duties as a student nurse. Neither Hugh MacDonald nor Helen W. MacDonald testified at the trial. Thus, there was no evidence at the trial in support of the second and third counts of the complaint. Notwithstanding this situation, there was no motion for a discontinuance, nonsuit or directed verdict as to these counts, either by plaintiffs or defendants. Any one reading the testimony would conclude that there was presented to the court and jury nothing except the claim of Mary A. MacDonald for her injuries inflicted upon her through the collision of the cars and the damages resulting personally to her therefrom. The trial judge absolutely limited his charge to the jury to the sole issue whether the defendants or either of them were liable for the injuries sustained by Mary A. MacDonald and her individual damages therefor. Nowhere in the charge is there any mention of damages to be awarded to the father for expenses or to the mother and father for loss of services. The appellant took no exception to this phase of the charge. It made no request to charge on the subject of damages. The verdict of the jury as taken by the clerk of the court was, "for plaintiff against Public Service in the amount of $2,000, and no cause of action against defendant John J. Smith." A rule for judgment was entered upon this verdict, "in favor of plaintiff Hugh MacDonald as next friend of Mary A. MacDonald, and against the defendant Public Service Co-ordinated Transport, in the sum of $2,000 and plaintiffs' costs to be taxed."

Public Service Co-ordinated Transport appeals and urges that the verdict and judgment entered thereon are illegal and contrary to law, and cites cases to support its contention that the judgment against it should be reversed and a new trial granted. But the cases cited bear no such factual resemblance that the determination of this case may be reasoned therefrom because in each of the cases cited the jury returned a verdict for two or more plaintiffs and assessed the damages in a single or lump sum despite the fact that each plaintiff had presented a distinct, separate claim to the jury. This is a case, however, where the single, definite and exclusive claim of but one plaintiff was presented to and determined by the jury.

Of course, the verdict of the jury was crude in form. It can, however, be moulded to proper form as a verdict (upon the only count in the complaint submitted to the jury, under the evidence and charge of the court) in favor of the plaintiff Mary A. MacDonald, an infant, by Hugh MacDonald, her next friend. The rule for judgment is not in proper form since an action must be brought and carried on in the name of the infant by her next friend, but the summons and complaint show the action was so brought and the defect in the rule for judgment is amendable.

Let the verdict of the jury be moulded to proper form as aforesaid and the rule for judgment be amended to comply therewith.

The judgment as amended will be affirmed.